## MILLER & COMPANY *v.* MATTOX *et al.*

</div>

Since several executions in favor of different persons can not, when levied on the same property, be met by a single claim, the plaintiffs in fi. fa. may, on an appeal by themselves from a justice's court judgment finding the property not subject, move to dismiss the claim; and the effect of granting such motion is to make a final disposition of " the case " in their favor.

<div align="center">Submitted June 12, — Decided June 30, 1903.</div>

Levy and claim. Before Judge Dart. Clinch superior court, October 22, 1902.

*S. C. Townsend*, for plaintiffs in error.

CANDLER, J. To the levy of thirteen separate executions issued from a justice's court in favor of as many different plaintiffs, the plaintiffs in error, through their agent, filed a single claim, alleging that the property levied on was their own, and not that of the defendant in fi. fa. The principal sums for which the executions issued ranged from two dollars to twenty-eight dollars, and aggregated over two hundred dollars. The record is silent as to what judgment was rendered on the claim in the justice's court, but presumably the claimants won, as the case was carried by the plaintiffs in fi. fa. to the superior court on appeal. In the superior court the claimants moved to dismiss the appeal, on the ground that, the aggregate amount of the executions being beyond the jurisdiction of the justice's court, the superior court had no jurisdiction to consider the case on appeal. This motion was refused, and the claimants excepted. The court, on motion of plaintiffs' counsel, then dismissed the claim, "upon the ground that, notwithstanding the fi. fas. were all levied upon the identical property, it was incumbent upon the claimants to file as many separate claims as there were fi. fas." To this ruling the claimants also excepted.

There can be no doubt that the judgment rendered by the justice was void for want of jurisdiction. Under the ruling of this court

in the case of *Yon* v. *Baldwin*, 76 *Ga.* 769, it was a mere nullity, and was in no manner binding upon the plaintiffs in execution. The claimant can not, however, come into the superior court as defendant on appeal, and ask that the appeal be dismissed because of the nullity of the justice-court judgment, and then expect to take advantage of that judgment for his own benefit. The effect of dismissing the appeal would have been to very effectually put an end to his claim. The court below, however, chose to overrule the motion to dismiss the appeal, and to grant the motion to dismiss the claim. The dismissal of the claim was not erroneous; for it is well settled that one claim can not be interposed to the levy of several executions against different plaintiffs in fi. fa. Each execution grew out of a different case, and represented a separate and distinct cause of action. The remedy of the claimant, if he wished to consolidate the cases into one, was to go into equity and ask that the claim cases be consolidated in order to avoid a multiplicity of suits. *Smith* v. *Dobbins*, 87 *Ga.* 303. To have dismissed the appeal and to have dismissed the claim would have led to the same result, viz., an adjudication of the right of the plaintiffs in error, as against the claim filed, to levy their executions against the property claimed. The judgment dismissing the claim will not, therefore, be reversed because the court failed to take a different action which would have led to the same result.

*Judgment affirmed. By five Justices.*