41024.   TRAVELERS INDEMNITY COMPANY v.
HOOD et al.
41025.   STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. HOOD et al.

Decided December 2, 1964—Rehearing denied
December 17, 1964.

856

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger,* for Travelers Indemnity Co.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for State Farm Mut. Auto. Ins. Co.

*Robert E. Flournoy, Jr.,* for Hood.

HALL, Judge. ■ The defendants argue in support of their general demurrers that their policies do not cover liability for the conduct upon which the judgment against their insured was based, because it is contrary to public policy to indemnify a person against his wilful and wanton misconduct. The plaintiff's

judgment resulted from a negligence action in which the insured and others were charged with engaging in an automobile race on the highway. "Racing on a public highway contrary to the laws of the State" has been described by this court as wilful and wanton misconduct. *Roberts v. King,* 102 Ga. App. 518, 523 (116 SE2d 885). It is an intentional act in reckless disregard of the safety of others, and is prohibited by the criminal as well as the civil law. The fallacy of the defendants' argument lies in the distinction between *intentional act* and *intentional injury.* The State Farm policy insured against liability for bodily injury "caused by accident and arising out of the ownership, maintenance or use" of the automobile. The Travelers policy insured payment of "all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . arising out of the ownership, maintenance or use of the owned automobile . . ." excluding "bodily injury caused intentionally by or at the direction of the insured."

Courts and authoritative writers have considered it against public policy to insure against injuries intentionally inflicted. "Accident" and "intention" are converse terms. An accident refers to an unexpected happening rather than one occurring through intention or design. Hence, injuries "caused by accident" as used in an insurance contract would include injuries caused without the actor's intent or design to injure and would not include injuries intentionally inflicted. "Accident" is a more comprehensive term than negligence, although negligence is included in it. And the fact that an injury for the purposes of criminal or tort law may be held constructively intentional does not remove it from the category of injury "caused by accident" in the terms of an insurance contract. Sheehan v. Goriansky, 321 Mass. 200 (72 NE2d 538, 173 ALR 497); 7 Appleman, Insurance Law and Practice, 129, § 4312; Anno. 173 ALR 503. The policies pleaded in this case appear to be worded in recognition of these distinctions, which are in accord with reasonable understanding of the policy provisions by an insured. We hold that it is not against public policy for a contract for automobile liability insurance to cover liability of the insured arising out of wilful and wanton misconduct in unlawfully racing automobiles on a public highway.

This decision is consistent with the view expressed in cases cited by the defendants that public policy will not permit a person by contract to exempt himself from liability to others whom the law seeks to protect. See *Louisville &c. R. Co. v. Atlantic Co.*, 66 Ga. App. 791, 801 (19 SE2d 364); *King v. Smith*, 47 Ga. App. 360 (170 SE 546).

The trial court did not err in overruling the defendants' general demurrers.

■ After the plaintiff's amendment Travelers filed special demurrers and moved to strike the prayer for declaratory relief on the ground that the petition as amended did not show "uncertainty and insecurity on the part of the plaintiff with respect to the propriety of some future act or conduct by the plaintiff whereby such future action without the direction and guidance of the court might jeopardize petitioner's interest in some alleged right." The allegations of the petition concerning the positions of the defendants respecting their liability for the judgment against White are stated above. The petition alleges that the defendants are liable jointly and severally for the judgment against White in the amount of $10,000 and prays for recovery against them in this amount. The petition shows that the rights of the parties have already accrued and alleges no facts or circumstances showing that an adjudication of the plaintiff's rights is necessary to relieve her of the risk of taking any future undirected action incident to their rights, which action without judicial direction might reasonably jeopardize her interest. There being no allegations showing such risk of jeopardizing the plaintiff's rights, the petition as amended fails to state a cause of action for a declaratory judgment. *Mendel v. Pinkard*, 217 Ga. 562, 563 (123 SE2d 770); *Phoenix Assurance Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530 (114 SE2d 389).

The trial court erred in overruling Travelers' demurrer and motion to strike the prayer for declaratory relief.

■ The defendants filed special demurrers and a motion to dismiss the petition on the ground that the plaintiff had in one count and in one action joined claims based on two entirely separate contracts against two entirely separate defendants. We recognize that an equitable action is maintainable for the pur-

pose of preventing a multiplicity of suits. *Nail v. Mobley,* 9 Ga. 278; *Smith v. Dobbins,* 87 Ga. 303, 318 (13 SE 496). Joinder of defendants has been permitted in actions in equity "even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case," *Goodroe v. C. L. C. Thomas Warehouse,* 185 Ga. 399 (195 SE 199), *Harris v. Rowe,* 200 Ga. 265, 269 (36 SE2d 787), and when "there is a common nexus in the whole transaction." *Brumby v. Board of Lights & Waterworks,* 147 Ga. 592, 597 (95 SE 7); *East Atlanta Land Co. v. Mower,* 138 Ga. 380, 384 (75 SE 418); *Todd v. Bivins,* 215 Ga. 402, 403 (110 SE2d 768). We have found no decision that authorizes a plaintiff to sue defendants jointly in an action at law in circumstances like those shown in this petition. We construe this petition to be an action at law since it contains no prayer that the plaintiff's claims against the two defendants be consolidated in order to avoid a multiplicity of suits, or for other equitable relief. See *Miller & Co. v. Mattox,* 118 Ga. 269, 270 (45 SE 237).

A misjoinder of parties or causes of action is not a ground of general demurrer but can be taken advantage of by special demurrer. *Willingham, Wright & Covington v. Glover,* 28 Ga. App. 394, 395 (111 SE 206); *Spence v. Rodgers,* 61 Ga. App. 854 (7 SE2d 787).

The trial court erred in overruling the special demurrers on the ground of misjoinder.

■ The effect of the rulings in Divisions 2 and 3 is to render the summary judgment nugatory, and to make decisions on the other assignments of error unnecessary.

Judgment in Case No. 41024 reversed for the reason stated in Divisions 2 and 3; affirmed on the assignment of error discussed in Division 1.

Judgment in Case No. 41025 reversed for the reason stated in Division 3; affirmed on the assignment of error discussed in Division 1.

*Judgments reversed in part; affirmed in part. Nichols, P. J., and Russell, J., concur.*