44783.   NASH v. HESS OIL &
CHEMICAL CORPORATION et al.

HALL, Presiding Judge. The facts and enumerations of error in this case are found in *Nash v. Hess Oil &c. Corp.,* 121 Ga. App. 546 (174 SE2d 373). Enumeration of error 4 relates to the denial of the plaintiff's amended motion for new trial. Several grounds of the motion are quoted seriatim in an opinion of the Supreme Court reversing the judgment of this court. *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706 (177 SE2d 70). In our opinion the trial court was in error in overruling plaintiff's objection to defendant's final argument, the gist of which was that defendant's presence in the courtroom was proof that the people of Lawrenceville believed his version of the incident. (Ground 20 of the motion for new trial). The statement violated the well established rule that the result of a criminal trial is inadmissible evidence in a civil action. *Cottingham v. Weeks,* 54 Ga. 275; *Webb v. McDaniel,* 218 Ga. 366 (127 SE2d 900); *Padgett v. Williams,* 82 Ga. App. 509 (61 SE2d 676). However, the plaintiff requested and the trial court charged the jury that "you are not concerned with and can not consider in returning your verdict in this case, the result of the trial of Clarence William Craig for murder in the case of The State v. Clarence William Craig in the Superior Court of Gwinnett County at Lawrenceville, Georgia."

While it is ludicrous to say that this jury did not know that the defendant had been acquitted of the charge of murder, we must nevertheless hold under the decisions of our Supreme Court that the charge of the court quoted above "completely erased" the previous error. *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830); *Cummings v. State,* 226 Ga. 46 (4) (172 SE2d 395).

All other enumerations of error not dealt with in the previous

opinion of this court are without merit.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

DECIDED NOVEMBER 25, 1970—

REHEARING DENIED DECEMBER 18, 1970—CERT. APPLIED FOR.

*G. Seals Aiken, John L. Respess, Jr.,* for appellant.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, James A. Eichelberger,* for appellees.