### 56433. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. RAY et al.

BIRDSONG, Judge.

This is an appeal from the dismissal of a petition for declaratory judgment. The facts show that appellee Shaw as a farm owner was an insured of the appellant, Ga. Farm Bureau Mut. Ins. Co. It is undisputed that Shaw unlawfully killed Danny Ray, the deceased husband of the appellee Ray. Shaw apparently was indicted and convicted of the murder of Ray. The appellee Ray filed suit against Shaw for the wrongful death of her husband. Shaw in turn forwarded the complaint to his insurer, appellant. Appellant then sought by declaratory judgment to ascertain its contractual liability to defend the suit against Shaw. The trial court concluded that the policy terms were written ambiguously and in such a way as not to exclude the coverage for wrongful death and dismissed the insurance company's complaint for failure to state a cause of action. This appeal followed. *Held:*

Read in vacuo, the pertinent language of the policy reads: "Exclusions. This coverage does not apply; (q) caused intentionally by any insured over twelve years old." Appellees Shaw and Ray both argue that the language is so ambiguous that there is no intent expressed and thus no exclusion involving intentional acts of an insured over twelve years old is applied against coverage. They further argue that this court should not remake the contract or create an exclusion where none exists.

We agree that, standing alone, subparagraph "q" is inartfully phrased. Nevertheless subparagraph "q" is a part of the contract placed therein for a purpose, and denominated as an exclusion to coverage. It clearly relates to intentional acts of an insured over the age of twelve years.

Different parts of a contract must be read together so that no part or words will be rejected. This court will lean to the reading that reconciles the different parts, and reject a construction which leads to a contradiction. *Oak Creek Dev. Corp. v. Hartline-Thomas,* 138 Ga. App. 83 (225 SE2d 515). Thus, we will look to the whole contract in arriving at the construction of any part, with the objective of upholding the contract in whole and in every part. *R. S. Helms, Inc. v. GST Dev. Co.,* 135 Ga. App. 845 (219 SE2d 458).

"Section II (1). Coverage G" of the policy pertains to personal liability. It provides in pertinent part that "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence . . ." In turn, paragraph VIII of Section II of the policy dealing with personal liability defines "occurrence" as ". . . an *accident* . . . which results in bodily injury . . . *neither expected nor intended* from the standpoint of the insured." (Emphasis supplied.)

Thus, without adding to, subtracting from, or doing anything more than reading the plain language of the contract of insurance, it is clear that exclusion "q" admits of no other construction when read in context, than that the insurer agrees to pay on behalf of the insured all damages arising out of an accident which was neither expected nor intended by the insured but will not cover those damages caused intentionally by any insured over the age of twelve years.

No construction of a contract is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation, and in such instances the language used must be afforded its literal meaning and plain ordinary words must be given their usual significance. *R. S. Helms, Inc. v. GST Dev. Co.,* supra. Applying the plain intent of the contract to the facts, Shaw's act of murder was not an accident, but an act specifically intended by Shaw. It is uncontested that Shaw was, at all times pertinent, over twelve years of age. Thus, any possible damages arising out of the wrongful death of Ray resulted from the intentional act of Shaw, the

insured. The contract of insurance expressly excludes coverage for such an intentional act. It follows that the trial court erred in dismissing the complaint filed by the appellant.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 14, 1978 —

*Harris, Watkins, Taylor & Davis, Joseph H. Davis,* for appellant.

*Byrd & Anthony, Garland T. Byrd, Mincey & Kenmore, David L. Mincey, John E. Simmons, F. Robert Raley,* for appellee.