## 60047. HELTON v. INTERSTATE BRANDS CORPORATION.

CARLEY, Judge.

This is an appeal by the plaintiff from the grant of summary judgment in favor of the defendant. Plaintiff, an employee of the defendant, worked on a morning shift which began at 5:00 a.m. At approximately 4:40 a.m. one morning plaintiff arrived at work and parked her automobile in the employees' parking lot adjacent to defendant's plant. As plaintiff exited her car, she was assaulted by a person who was unknown to her, but who was later identified as another employee of defendant. Plaintiff was forceably taken by the assailant in his car to an area away from the plant where she was again assaulted and then raped. The assailant transported plaintiff back to defendant's parking lot where he let her out of the car. Thereafter, plaintiff reported the incident to her employer.

Subsequently, plaintiff filed this tort action against the defendant alleging negligence in the failure to maintain a well-lighted and otherwise secure parking lot and alleging that the acts and omissions of defendant were both wilful and intentional. The defendant moved for summary judgment asserting that it was not subject to this action for damages as plaintiff's exclusive remedy, if any, was that available under the provisions of the Georgia Workers' Compensation Act.

While plaintiff does not contest the fact that the relationship of employer and employee existed between the parties within the meaning of Code Ann. § 114-101, she contends that the trial court erred in finding that her injury "arose out of and in the course of" her employment and in finding that the assault and rape was an "accident" within the meaning of Code Ann. § 114-102.

"The word 'accident,' as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by the wilful act of a

third person directed against such employee for reasons personal to him, and wilful misconduct on the part of the employee, and the act precludes action at common law or *otherwise*. [Cits.]" *Reid v. Lummus Cotton-Gin Co.,* 58 Ga. App. 184, 185 (197 SE 904) (1938). "A felonious assault does not prevent the resulting injury from being treated as an accident under the [workers'] compensation law if the wilful act is not directed against the employee for reasons personal to the employee. [Cits.]" *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864, 866 (182 SE2d 678) (1971). In the instant case there was no evidence whatsoever that the assailant attacked plaintiff for reasons personal to the plaintiff. Compare *Wood v. Aetna Cas. &c. Co.,* 116 Ga. App. 284 (157 SE2d 60) (1967). Furthermore, the fact that plaintiff alleged that defendant's acts and omissions were intentional or wilful is of no consequence in determining whether the attack upon plaintiff was an "accident" within the meaning of the Act. See *Southern Wire & Iron v. Fowler,* 217 Ga. 727 (124 SE2d 738) (1962). Not being a disease or otherwise coming within the exclusionary provisions of Code Ann. § 114-102, plaintiff's injury resulted from an "accident" as contemplated by the Act.

Having determined that the assault and rape of plaintiff was an accident within the meaning of the Act, we proceed to determine whether the same "arose out of and in the course of" her employment. There is no question that the injury to plaintiff occurred "in the course of" her employment as the assault and kidnapping took place on the defendant's premises while plaintiff was in the process of going to work. *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378) (1958); *Fed. Ins. Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214) (1957).

Finally, we must decide whether the concerned injury "arose out of" plaintiff's employment. "The words 'arising out of the employment' refer to the causal connection between the employment and the injury." *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682, 689 (118 SE 786) (1923). In *Employers Ins. Co. v. Wright,* 108 Ga. App. 380 (133 SE2d 39) (1963) involving the rape of a female employee at gunpoint in a secluded area of the premises where she regularly performed the duties of her employment, the particular conditions under which the employee worked were characterized by this court as being "peculiarly conducive to the eventuality which did occur" and were viewed as increasing the risk of attack and subjecting the employee to a danger peculiar to the employment. *Employers Ins. Co. v. Wright,* supra, 383. Therefore, *Wright* held that the assault arose out of the claimant's employment. *General Fire &c. Co. v. Bellflower,* supra, upheld the award of compensation where a bus driver was killed while staying at a particular hotel which the employer provided near the bus station for rest and sleeping by

out-of-town drivers between trips. In *Bellflower* this court reasoned as follows: "... Walking on a street at night returning from a meal, in an area particularly susceptible to crimes against the person, where [the employee] was placed on account of his employment, exposed [the employee] to the likelihood of a felonious assault in the same manner as the conditions of employment exposed the rape victim in the *Wright* case ..." *General Fire &c. Co. v. Bellflower,* supra, 870.

The evidence in the case at bar places plaintiff's injury in the same category as the injury in both the *Wright* case and the *Bellflower* case. The conditions of plaintiff's employment not only provided the time and place for the assault upon her, but actually contributed to an increase in the risk of attack. The early morning hour at which plaintiff was required to report to work and the location of the company parking lot in the vicinity of an area of known criminal activity provide the causal connection with her employment.

For the foregoing reasons, plaintiff's injury was clearly the result of an accident within the purview of the Workers' Compensation Act. It follows that plaintiff's remedy, if any, lies exclusively under the provisions of the Act and plaintiff may not maintain a common law tort action against her employer. Code Ann. § 114-103; *Fox v. Stanish,* 150 Ga. App. 537 (258 SE2d 190) (1979). The trial court did not err in granting summary judgment for the defendant.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted June 16, 1980 — Decided September 8, 1980.

*William L. Tucker,* for appellant.
*Milton Jones,* for appellee.