63085. CONTINENTAL CASUALTY COMPANY v. PARKER
et al.

SOGNIER, Judge.

Continental Casualty Company (Continental) issued a general liability insurance policy to R. F. Parker Contracting Company. Robert Parker, the president of the company, was involved in an

altercation with Gene Waldrep, a construction inspector with the City of Atlanta. In a separate action, Waldrep sued Robert Parker, Larry Parker, (Robert's brother who was not an employee of R. F. Parker Contracting Company), and R. F. Parker Contracting Company alleging that the Parker brothers had maliciously attacked and injured Waldrep; the complaint was amended to include allegations of negligence.

Continental entered into a reservation of rights agreement with the insured and filed the instant case seeking a declaratory judgment regarding the insurance company's liability under the policy. Continental moved for summary judgment contending that R. F. Parker Contracting Company and Robert Parker are not entitled to coverage under the insurance policy for the incident in question and that Continental has no duty to defend the insured against the suit brought by Waldrep.

The trial court denied Continental's motion and we granted interlocutory review.

1. Appellant contends that the trial court erred in denying summary judgment because the general liability insurance policy does not cover the intentional act committed by the employee of the insured. Continental argues that the incident involving Parker and Waldrep was not such an "occurrence" as was covered by the policy and cannot be considered accidental. The policy states: "occurrence means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage *neither expected nor intended from the standpoint of the insured.*" (Emphasis supplied.)

Continental relies on *Ga. Farm Bureau Mut. Ins. Co. v. Ray,* 148 Ga. App. 85 (251 SE2d 34) (1978) and *Thrift-Mart, Inc. v. Commercial Union Assurance Cos.,* 154 Ga. App. 344 (268 SE2d 397) (1980) to support its argument that the damage caused by the acts of the insured are excluded by the policy. However, in its order denying summary judgment the trial court relied on *American Protection Ins. Co. v. Parker,* 150 Ga. App. 732 (258 SE2d 540) (1979) and said: "In deciding whether an occurrence is an accident within the meaning of such an insurance policy, the matter must be viewed through the eyes of the victim, and if as to him it is unforeseen and not caused by his own misconduct, it is, although perhaps an intentional assault, accidental as to him."

The trial court's view is supported by *Helton v. Interstate Brands Corp.,* 155 Ga. App. 607, 608 (271 SE2d 739) (1980) in which this court interpreted the term "accident" under the Workers' Compensation Act to include alleged intentional or wilful acts of an employer. The plaintiff in *Helton* had been assaulted by another

employee in a parking lot adjacent to the employer's plant but the " 'felonious assault does not prevent the resulting injury from being treated as an accident . . . if the wilful act is not directed against the employee for reasons personal to the employee. (Cits.)' *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864, 866 (182 SE2d 678) (1971)." *Helton,* supra, at 608.

The trial court in the instant case declined to follow *Ga. Farm Bureau* because in that case, the insurance policy under scrutiny contained a *specific* exclusion of acts ". . . caused intentionally by any insured over twelve years old . . ." The policy in *Ga. Farm Bureau* also contained a definition of "occurrence" which is identical to that used in the policy here. This court held that as a matter of law the intentional act of murder was expressly excluded from coverage by the policy. Id. at p. 87.

In *Thrift-Mart,* supra, we affirmed a jury verdict denying recovery under an insurance policy which included the following provision: " 'This policy does not apply . . . to bodily injury or property damage which is either expected or intended from the standpoint of the Insured.' " Id. at p. 344. The acts of the insured in *Thrift-Mart* were found to be intentional and expected and thus not covered.

For purposes of interpreting the insurance policy and the words "occurrence" and "accident" in the instant case, we view *Ga. Farm Bureau* and *Thrift-Mart,* supra, as controlling authority. The specific limitation in the definition of "occurrence" excludes those acts " 'neither expected nor intended from the standpoint of the insured . . .' " Such words are clear and unambiguous and capable of only one reasonable interpretation. *Ga. Farm Bureau,* supra, at p. 86. The word "accident" in *American Protection Ins. Co. v. Parker* and *Helton,* supra, is used in different contexts than the word is used in the insurance policy being interpreted here. No limiting words are used in defining "accident" in the automobile liability insurance policy discussed in *American;* nor was the "accident" in *Helton,* "a disease or otherwise coming within the exclusionary provisions of Code Ann. § 114-102 . . ." *Helton,* p. 608.

Nevertheless, we think the trial court was correct in denying summary judgment to Continental despite the fact that any intentional acts of the insured are excluded by the policy. The evidence is in conflict with regard to the altercation that took place between Parker and Waldrep. Parker claims that he did not assault Waldrep but rather that he had grabbed Waldrep to keep from falling into a ditch and that both he and Waldrep fell into the ditch together. Waldrep, in fact, amended his complaint to include a count in negligence. Viewing the evidence most strongly in favor of the respondent on summary judgment, as we must, we cannot say that as

a matter of law, Parker's acts were intentional and thus excluded by the policy of insurance. However, if a jury finds that Parker intended to cause harm to Waldrep, the resulting damage may be considered both intentional and expected, as contemplated by the exclusion of coverage. *Thrift-Mart,* supra, at p. 346.

Appellant points out that as a result of the incident in question, Parker was convicted of the criminal offense of assault. Appellant contends that this is conclusive evidence of his intentional act. We do not agree. " 'The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.' " *Padgett v. Williams,* 82 Ga. App. 509, 513 (61 SE2d 676) (1950); *Nash v. Hess Oil &c. Corp.,* 123 Ga. App. 132 (179 SE2d 778) (1970); *Cobb v. Garner,* 158 Ga. App. 110, 112 (279 SE2d 280) (1981). For the foregoing reasons, the trial court was correct in denying summary judgment to Continental on the issue of Parker's alleged intentional act.

2. Appellant also contends that the trial court erred in denying its motion for summary judgment because the insured failed to give proper notice to the insurance company regarding the suit filed by Waldrep against the insured.

The insurance policy provides in pertinent part:

"4. Insured's Duties in the Event of Occurrence, Claim or Suit

"(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

"(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. . .

"5. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

The incident occurred on May 23, 1979; Waldrep's suit was filed on May 30, 1979. Parker testified on deposition that he orally notified his insurance agent within a few days of service of the complaint and

was told at that time that R. F. Parker Contracting Company and he were not covered for such an incident. Parker then contacted an attorney who filed responsive pleadings in the case. Continental claims to have received its first notice of the case on August 22, 1979, when Parker's attorney furnished copies of Waldrep's complaint, Parker's answer and counterclaim. There is no evidence of any prejudice to Continental in defending the case because of the failure to give written notice or forward the pleadings in the case. See *Leventhal v. American Bankers Ins. Co.,* 159 Ga. App. 104, 108 (283 SE2d 3) (1981).

Whether notice of the occurrence was given as soon as practicable under the circumstances is a jury question. *Bituminous Cas. Corp. v. J. B. Forrest &c., Inc.,* 132 Ga. App. 714, 716 (209 SE2d 6) (1974); *Richmond v. Ga. Farm Bureau &c. Co.,* 140 Ga. App. 215, 220 (231 SE2d 245) (1976). In view of Parker's testimony that he gave oral notice to his insurance agent and was informed that he was not covered, we cannot say that delay in giving written notice to the insurer was unreasonable as a matter of law. Similarly, whether process was forwarded with reasonable timeliness under all the circumstances is usually a question of fact. *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471, 475 (199 SE2d 852) (1973); *Bituminous Cas. Corp.,* supra, p. 719.

Thus, the trial court did not err in denying appellant's motion for summary judgment on the issue of notice.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 12, 1982.

*J. Kenneth Moorman, Barry S. Mittenthal,* for appellant.
*B. Royce Bell, Howard H. Johnson,* for appellees.