72056. STATE AUTOMOBILE MUTUAL INSURANCE COMPANY v. THOMSON et al.
(348 SE2d 507)

CARLEY, Judge.

Appellee-defendant Thomson is a landlord. Among his tenants was appellee-defendant Anderson. Thomson filed a dispossessory warrant against Anderson. Although Anderson filed a timely answer, Thomson's repeated inquiries as well as his check of court records indicated that no answer had been filed. A writ of possession was obtained by Thomson and Anderson was evicted from the premises. When Thomson later learned that Anderson's timely filed answer had been misfiled by the clerk's office, Thomson moved Anderson's property back into the premises. Subsequently, Anderson filed a counterclaim in the dispossessory action, seeking damages to her property which had allegedly occurred as the result of the eviction.

Appellant-plaintiff State Automobile Mutual Insurance Company (SAMIC) provides liability coverage to Thomson pursuant to a business policy. Thomson tendered the counterclaim for defense by SAMIC. SAMIC answered the counterclaim under a reservation of

rights and then initiated the instant declaratory judgment action, seeking a declaration that, under the terms of the policy, it had no duty to furnish liability insurance coverage or to provide a legal defense of any legal action predicated upon the eviction. The business policy in question provides that SAMIC "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies, caused by an occurrence . . ." "Occurrence" is defined as "an accident, including continuous or repeated exposure to conditions, which results in . . . property damage neither expected nor intended from the standpoint of the insured." SAMIC moved for summary judgment, contending that there was no coverage since the alleged damage to Anderson's property was not caused by an "occurrence" as defined in the policy. In opposition to the motion, Thomson and Anderson urged that coverage under the policy was afforded because Thomson did not intend to dispossess Anderson wrongfully. The trial court denied SAMIC's motion for summary judgment. This appeal results from this court's grant of SAMIC's application for an interlocutory appellate review of the order denying its motion for summary judgment.

As noted previously, an insurable "occurrence" is defined in the instant *business* policy as "an accident, including continuous or repeated exposure to conditions, which results in . . . property *damage* neither expected nor intended from the standpoint of the insured." (Emphasis supplied.) However, construing the evidence most strongly in favor of the non-moving parties as must be done, Thomson, as the landlord, "neither expected nor intended" to *damage* the property of his tenant, Anderson. He expected and intended *only* to evict Anderson, as he honestly but mistakenly thought he then had a lawful right to do. Eviction is a remedy whereby a landlord can secure rightful possession of his premises by dispossessing his former tenant. Thus, if Anderson's property was *damaged*, it was not as the immediate and sole result of an act on the part of Thomson which was calculated to accomplish that damage, but solely as the result of the circumstances leading up to and then accompanying this particular act of eviction. Viewing the eviction "from the standpoint of [Thomson, as] the insured," he sought only to have the property removed from the premises and, if the property was subsequently damaged by exposure to the elements, it was attributable to Anderson's earlier failure to have removed it herself or to have been present at the premises to make arrangements for its disposition as it was being physically removed therefrom. Compare *Stein v. Mass. Bay Ins. Co.*, 172 Ga. App. 811 (324 SE2d 510) (1984), holding that, under a *homeowner's* policy, a *shot*, although fired in self-defense, is nonetheless expected or intended to inflict bodily injury. It was only after the fact that Thom-

son learned that Anderson, her answer having been misfiled, contended that she had no legal obligation to vacate the premises and that she had not in effect abandoned the property and that, if the property had been damaged, it might be attributable to Thomson's own act of eviction and not to his tenant. Thus, the trial court correctly ruled that, although the eviction may have been intentional, the evidence of record does not demonstrate that, as a matter of law, the damage that occurred in connection with this particular eviction was not the result of an insurable "occurrence" under this business policy.

*Judgment affirmed. Banke, C. J., Pope, Benham, and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., and Birdsong, P. J., dissent. Sognier, J., disqualified.*

McMurray, Presiding Judge, dissenting.

"In *Ga. Farm Bureau Mut. Ins. Co. v. Ray*, 148 Ga. App. 85 (251 SE2d 34) (1978), and *Continental Cas. Co. v. Parker*, 161 Ga. App. 614, 616 (288 SE2d 776) (1982), it was held that the 'expected or intended' exclusionary language is plain, unambiguous, and capable of only one reasonable interpretation. ' "Accident" and "intention" are converse terms. An accident refers to an unexpected happening rather than one occurring through intention or design.' *Travelers Indem. Co. v. Hood*, 110 Ga. App. 855, 857 (140 SE2d 68) (1964). '(A)cts could not be unexpected unless they were accidental . . .' *Thrift-Mart, Inc. v. Commercial Union Assurance Cos.*, 154 Ga. App. 344, 346 (268 SE2d 397) (1980). See also *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (291 SE2d 410) (1982)." *Stein v. Mass. Bay Ins. Co.*, 172 Ga. App. 811, 812 (324 SE2d 510).

In the case sub judice, the eviction of tenant Anderson by insured landlord Thomson was clearly intentional. It follows that, in view of evidence that Anderson's equipment was improperly removed so as to cause damage thereto and then placed out in the rain that Thomson, the insured, intended or expected physical injury to Anderson's property. The property damage being intended or expected on the part of the insured, any liability resulting therefrom is excluded from the coverage provided by the insurance policy issued to Thomson. Whatever effect the misfiling of Anderson's answer may have upon the question of whether Thomson has a defense or legal excuse for his action in evicting Anderson, "it does not vitiate the actual intent to cause the injury." *Stein v. Mass. Bay Ins. Co.*, 172 Ga. App. 811, 813, supra. The insurance policy issued by plaintiff provides no coverage applicable to the claim at issue. I would hold that the trial court erred in denying plaintiff's motion for summary judgment.

I am authorized to state that Presiding Judge Deen and Presiding Judge Birdsong join in this dissent.

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 31, 1986

*Don Smart*, for appellant.
*John Booth, John M. Ranitz*, for appellees.