## 77229. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA v. SAXON et al.
### (379 SE2d 577)

BEASLEY, Judge.

Southern Guaranty Insurance Company, plaintiff in an action for declaratory judgment, appeals from an order granting defendants Joel and Alan Saxon's and Rhonda Lamb's motions for summary judgment.

On August 12, 1987, Alan Saxon was driving a truck owned by his father Joel and insured under a Southern Guaranty commercial automobile liability policy. Rhonda, a fifteen-year-old passenger, was being sought by the Department of Social Services. When a police vehicle pulled behind them and its blue light was activated, she exclaimed: "Please don't let them get me." They just "took off," said Alan, and a chase at speeds of "seventy-five, eighty [m.p.h.], somewhere in there" ensued, which lasted for around twenty minutes and covered between twenty and twenty-five miles. While traveling over a dirt road, the truck struck a ditch and overturned, injuring Alan and Rhonda.

Rhonda sued Alan in tort to recover damages for her personal injuries. Southern Guaranty brought a declaratory judgment action to determine whether it would be required to provide a defense for Alan and to pay any damages for which he might become legally obligated. The issue presented is whether the evidence conclusively establishes that the policy exclusion is *not* applicable, so that there is liability coverage.

Joel Saxon's policy recited that Southern Guaranty would pay on behalf of its insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage caused by an "occurrence" and arising out of the ownership, maintenance or use of the owned automobile. "Occurrence" is defined in the policy as an "accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Compare *American Protection Ins. Co. v. Parker*, 150 Ga. App. 732, 733 (3a) (258 SE2d 540) (1979); *Thrift-Mart v. Commercial Union &c. Cos.*, 154 Ga. App. 344, 346 (1) (268 SE2d 397) (1980).

We are confronted with the limited questions of construction of the provision and whether it is shown as a matter of law that Alan neither expected nor intended an injurious result from his acts.

In applying the rules of construction insurance policy exclusions are construed most strongly against the insurer and in favor of providing the indemnity sought. *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 379 (364 SE2d 62) (1987), aff'd 258 Ga. 276 (1988). "An accident refers to an unexpected happening rather than one occurring

through intention or design." *Travelers Indem. Co. v. Hood,* 110 Ga. App. 855, 857 (140 SE2d 68) (1964). "[A]cts could not be unexpected unless they were accidental." *Thrift-Mart,* supra at 346. Accord *Stein v. Mass. Bay Ins. Co.,* 172 Ga. App. 811, 812 (324 SE2d 510) (1984).

The provision in this case was instrumental in *Ga. Farm Bureau &c. Ins. Co. v. Ray,* 148 Ga. App. 85, 86 (251 SE2d 34) (1978). It was held that this language is plain, unambiguous and capable of only one reasonable interpretation. "[I]n such instances the language used must be afforded its literal meaning and plain ordinary words must be given their usual significance." The policy provision "will not cover those damages caused intentionally by any insured." *Ga. Farm &c. Ins. Co.,* supra at 86.

This was followed in *Continental Cas. Co. v. Parker,* 161 Ga. App. 614, 616 (1) (288 SE2d 776) (1982). We are in agreement regarding the meaning, but the facts here yield a different result. While the evidence in *Continental* was in conflict, leaving for a jury whether the insured's acts "were intentional and thus excluded by the policy," id. at 617, here the evidence is one-sided.

Alan testified by deposition that he had no intention of injuring anyone, including himself, and that he had no fear of wrecking the truck or thought that it might occur as a result of his driving. A wreck ensuing never crossed his mind. His sole aim was to evade capture by the police.

The policy clearly envisions a subjective test as to the insured's intention. *Specific* intent is called for by the policy. It can be a partial intent, i.e., combined with other intents, and even a minor intent in the composite of intents of the actor. But there cannot be an *absence* of that intent or there will be coverage. Insured does not necessarily have to prove a different specific intent, just an absence of the affirmative intent to injure, to be covered. Of course, it is easiest to convince of this absence by showing the presence of a different intent, ignoring the possibility of multiple intents.

Intent may be manifested by objective factors. Alan denied any intent to cause injury. The objective factors only show that he intended to avoid apprehension by the police and in doing so he violated the law.

Insurer does not focus on the evidence, which it must to avoid the summary judgment, since evidence of intention is what the whole controversy is about. Insurer must show there is a question of fact about insured's intent. It must show that insured *has not* conclusively established as fact that he had *no* intent or expectation to injure by his act of driving as he did. But the insurer put no wedge in this testimony. That is what it would have to do to avoid the summary judgment. This case is dissimilar from *Roe v. State Farm Fire & Cas. Co.,* 188 Ga. App. 368 (373 SE2d 23) (1988), for there this court held

that the natural, inevitable consequences of defendant's actions were injury to the victim and he was presumed to have acted intentionally.

This is a stronger case than *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985), because, unlike the policy in that case, there is no specific exclusion of coverage while insured is "attempting to avoid apprehension or arrest."

*Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (2) (291 SE2d 410) (1982), is authority for the proposition that there is a distinction between intentional acts and the intentional consequences or results. See *State Auto. Mut. Ins. Co. v. Thomson*, 180 Ga. App. 90 (348 SE2d 507) (1986). "[A]n exclusion as to injury caused intentionally by the insured does not exclude coverage where there is an intentional act but not an intentionally caused injury." 7 AmJur2d 695, Auto. Ins., § 191. Here the act might result in injury but this of necessity does not have to occur. " '[T]he mere knowledge and appreciation of a risk, short of a substantial certainty, is not the equivalent of intent.' " *Colonial Penn Ins. Co. v. Hart*, supra at 335 (quoting Prosser, Law of Torts). If, without more, this law violation constitutes affirmative evidence that it was not an accident but expected or intended despite the protestations of the insured, then any violation of traffic laws would have the "unintended" result of furnishing prima facie evidence excluding coverage. Such a construction of the provision would depart from what must be the reasonable intent of the parties, even without considering the interpretative practice which favors an insured and discriminates against exclusions of coverage. This court has held that injuries arising from illegal racing on the highway are not excluded, in *Travelers Indem. Co. v. Hood*, supra at 859: "[T]he fact that an injury for the purposes of criminal or tort law may be held constructively intentional does not remove it from the category of injury 'caused by accident' in the terms of an insurance contract." See 7 AmJur2d 698-699, Auto. Ins., § 193.

Where, as here, the only evidence of the insured's subjective intent is depositional testimony by the insured that the wreck and the bodily injuries which resulted from his driving in an attempt to elude the police were not intended, the exclusion does not apply, as a matter of law. Compare *Brown v. St. Paul Fire &c. Ins. Co.*, 177 Ga. App. 215 (338 SE2d 721) (1985), where the evidence as to one injured party conclusively established the intent which excluded coverage but as to another injured party raised a jury question. Our decision is also in conformity with the reasoning in *State Auto. Mut. Ins. Co. v. Thomson*, supra, where the insurer was not entitled to summary judgment because the subjective intent of the insured when he acted was devoid of intention or expectation that property damage would result. The injuries received in this case, on the other hand, were the result of a covered "occurrence." The grant of summary judgment to defendants

was not error.

We are holding, in effect, that since there is no evidence of record to controvert the insured's testimony that he had no intention or expectation of injuring his passenger, the appellant insurer is obligated to defend the insured in the passenger's personal injury action. Whether that personal injury action would be able to survive a defense motion for summary judgment or directed verdict is an entirely different issue and is not before us in this appeal.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 21, 1989 —
REHEARING DENIED MARCH 9, 1989.

*Wetzel, Shaw & Quinn, Michael L. Wetzel, John R. Shaw, Jr.,* for appellant.

*Heard, Leverett & Phelps, E. Freeman Leverett,* for appellees.