A91A0250. AMERICAN HOME ASSURANCE COMPANY v. McCLADDIE.
(409 SE2d 576)

McMurray, Presiding Judge.

American Home Assurance Company ("American Home") filed a declaratory judgment action against Alvin McCladdie, seeking to absolve itself of liability for additional optional personal injury protection ("PIP") benefits under an automobile liability insurance policy issued to McCladdie's mother, America Luke ("the insured"). American Home alleged that McCladdie sustained personal injuries on October 26, 1986, when he wrecked a vehicle covered under the insured's "renewal" policy; that McCladdie was paid maximum policy PIP benefits in the amount of $2,500 and that defendant has demanded an additional $45,000 in coverage "by virtue of letters written by his counsel to the adjusting company handling this claim. . . ." McCladdie admitted that his mother's policy is a "renewal" policy and that he wrecked an insured vehicle during the "renewal" period. He also admitted that American Home paid him $2,500 in benefits and that his attorney made a demand for additional coverage and an offer to pay premiums for the additional coverage. McCladdie then counterclaimed for optional benefits, claiming that American Home's "application for insurance does not comply with O.C.G.A. Section 33-34-5 . . . inasmuch as the application does not contain the required language in **bold** face print."

The parties filed opposing motions for summary judgment and the undisputed evidence shows that the insurance application contains a statement indicating that the optional coverage was explained to the insured, but that the statement is not in boldface type. The insured deposed that she applied for the American Home insurance policy through an insurance agency; that "all of the blanks contained on the application for insurance were filled in by the agent . . . who sold her the insurance" and that "[t]he agent who completed the application for insurance did not explain optional no-fault insurance coverage. . . ." The insured further deposed that she "accepts American Home Assurance Company's continuing offer for optional PIP coverage, makes demand upon American Home Insurance Company for optional PIP coverage and stands ready to pay the premium for such coverage."

The trial court entered summary judgment for McCladdie and against American Home, finding that McCladdie is entitled to additional PIP benefits because the insurance application failed to contain a "boldfaced type" statement indicating that the optional coverage was explained to the insured. This appeal followed. *Held*:

1. American Home contends the trial court erred in granting summary judgment to McCladdie because the application for insur-

ance is in substantial compliance with the requirements of OCGA § 33-34-5 (b). This contention is without merit.

In *Southern Guaranty Ins. &c. v. Goddard*, 259 Ga. 257 (379 SE2d 778), the Supreme Court of Georgia held that insurers are required to strictly comply with the standards of OCGA § 33-34-5 (b) and that this Code section "mandates that for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in boldface, and (3) that the statement be signed by the applicant." Id. at 258. Consequently, since the insurance application did not include a boldface typed statement that the optional coverage has been explained to the applicant, we affirm the trial court's finding that additional benefits are available under the policy. *Southern Guaranty Ins. &c. v. Goddard*, 259 Ga. 257, 258, supra.

2. American Home contends the trial court erred in granting summary judgment to McCladdie, arguing that the "renewal" policy is not subject to the requirements of OCGA § 33-34-5 (b).

OCGA § 33-34-5 (d) provides that "[t]he provisions of subsection (b) of this Code section requiring explanation of the optional coverages shall not apply upon the renewal, replacement, reinstatement, transfer, or substitute of any policy or the addition or substitution of a motor vehicle covered by such policy." However, this Code subsection does not cure noncompliance with the mandatory application requirements of OCGA § 33-34-5 (b). To say otherwise would allow abrogation of the "boldface type" requirement of OCGA § 33-34-5 (b) by the mere issuance of a "renewal" policy. Consequently, American Home is not relieved of liability for additional benefits simply because McCladdie was covered under a "renewal" policy. This enumeration is without merit.

3. American Home contends McCladdie has no standing to recover additional benefits, arguing that the insured never made a demand for increased coverage and never offered to pay premiums for the additional coverage. This enumeration is not supported by the record. The insured filed an affidavit and therein ratified McCladdie's attorney's demand for additional coverage and offer to pay additional premiums. Compare *Maryland Cas. Ins. Co. v. Johnson*, 198 Ga. App. 328 (401 SE2d 75).

*Judgment affirmed. Banke, P. J., Carley, Pope and Cooper, JJ., concur. Sognier, C. J., Birdsong, P. J., Beasley and Andrews, JJ., dissent.*

SOGNIER, Chief Judge, dissenting.

I respectfully dissent.

The majority concludes in Division 2 that, notwithstanding the

clear language of OCGA § 33-34-5 (d) that "[t]he provisions of subsection (b) . . . requiring explanation of the optional coverages shall not apply upon the renewal . . . of any policy," subsection (b) nonetheless applies to the renewal policy in the case at bar. I cannot agree.

Prior to 1982, subsection (d) of OCGA § 33-34-5 (formerly Ga. Code Ann. § 56-3404b (d)) would have required the result reached by the majority, for at that time the statute provided that "[t]he optional coverage required to be offered under this [s]ection need not be offered upon the renewal of any policy where the offer has been previously made by the same insurer and has been rejected in accordance with this [s]ection unless the named insured requests such coverage in writing." Ga. Laws 1975, pp. 3, 4, § 1. Thus, under the former version of OCGA § 33-34-5 (d), appellant would not have been relieved from compliance with the coverage explanation provisions of subsection (b) because it did not properly comply with those provisions when the policy was originally issued. See *Drexler v. Ga. Farm Bureau Mut. Ins. Co.*, 171 Ga. App. 718, 720-721 (2) (320 SE2d 854) (1984), rev'd on other grounds, 254 Ga. 98 (326 SE2d 741) (1985).

However, in 1982 the General Assembly amended Chapter 34 of Title 33 "to change the provisions relative to optional coverages; [and] to change the provisions relative to the form of applications for motor vehicle accident insurance," Ga. Laws 1982, p. 1234, and as part of the enactment deleted the existing version of OCGA § 33-34-5 (d) and substituted the version in effect today. Ga. Laws 1982, pp. 1234, 1236, § 1. When construing the recodification of a previously existing statute, the court must construe the subsequent provision consistently with its predecessor "unless a contrary construction manifestly appears from the words employed. [Cit.]" *TEC America v. DeKalb County Bd. of Tax Assessors*, 170 Ga. App. 533, 537 (317 SE2d 637) (1984). " ' "From the addition of words it may be presumed that the legislature intended some change in the existing law . . . ." (Cit.)' [Cit.]" Id. I conclude from the legislature's deletion and addition of words in the 1982 enactment, coupled with the statement in the preamble thereto of an intent to "change" the law, see *Taylor v. Mateer & Co.*, 117 Ga. App. 565, 567 (161 SE2d 394) (1968), that it "manifestly appears" the 1982 revision to OCGA § 33-34-5 (d) was intended to change the existing law. See generally *TEC America*, supra at 537-538 (2). Since the General Assembly is presumed to have been familiar with the pre-existing version of OCGA § 33-34-5, if its intent in 1982 had been to clarify or extend the scope of that law, it would have left subsection (d) intact. See id. at 538 (2). Therefore, the enactment of a new version of subsection (d) can lead only to the conclusion that the General Assembly intended to change OCGA § 33-34-5 so as to exempt from the optional coverage explanation requirement *all* renewal policies, regardless of whether the statutory ex-

planation was given when the policy was originally issued. See generally id. To hold otherwise would require a construction that would render meaningless the 1982 amendment to subsection (d), which this court cannot do. *Buice v. Dixon*, 223 Ga. 645, 646-647 (157 SE2d 481) (1967).

Accordingly, I find that OCGA § 33-34-5 (d) controls the issue on appeal adversely to appellee, and I would reverse the trial court's ruling with direction to enter summary judgment for appellant.

I am authorized to state that Presiding Judge Birdsong, Judge Beasley and Judge Andrews join in this dissent.

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 — 

*Duncan & Mangiafico, Edgar S. Mangiafico, Jr.*, for appellant.
*Bell & Bell, David B. Bell*, for appellee.

