A91A1585. MARYLAND CASUALTY INSURANCE COMPANY, INC. v. JOHNSON.
A91A1700. MARYLAND CASUALTY INSURANCE COMPANY, INC. v. FAGLIER.
(416 SE2d 872)

ANDREWS, Judge.

The insurer appeals from the grant of the plaintiffs' motions for partial summary judgment and denial of its own on the issue of compliance with OCGA § 33-34-5 (b)[1] and demand for additional PIP (personal injury protection) coverage. This case previously appeared before us and was reversed due to lack of proof of demand and payment for increased benefits by the named insured, David P. Cole. *Maryland Cas. Ins. Co. v. Johnson*, 198 Ga. App. 328 (401 SE2d 75) (1991).

The trial court granted summary judgment to Johnson and Faglier after proof of demand and payment by Cole, finding the application for insurance defective in that David P. Cole had not personally signed the application and the statement required by OCGA § 33-34-5 (b) was not in boldface type.

The application consists of four pages and required two signa-

---

[1] Chapter 34 of the Motor Vehicle Accident Reparations Act, including this section, was repealed by Ga. L. 1991, p. 1608, § 1.12, effective October 1, 1991.

tures, one at the bottom of the third page and one on the fourth. The fourth page is a one-page supplement to the application, dealing only with no-fault and optional PIP coverages. It lists the policyholder's name and the date at the top. Immediately below the name is the following:

"This form must be attached to every new business automobile application.

"NO-FAULT COVERAGE/PERSONAL INJURY PROTEC-TION: You must accept one option, which applies to all vehicles." There then appear three rectangular boxes containing amounts from $5,000 to $50,000 with space for marking the choice. The $5,000 box is marked. Below this section are three additional ones, providing choices for deductibles for collision and comprehensive coverage and acceptance or rejection of loss of use coverage. Immediately above the signature line appears the sentence at issue: "The optional coverages shown on this supplemental application have been fully explained to me at the time I signed application."

Ms. Cole handled the insurance needs for the family and had dealt with Ms. Kitchens, the agent, before. It is not disputed that she fully understood the options available to her and that she obtained the coverage which she desired, i.e., $5,000.

1. OCGA § 33-34-5 (b) required each application for insurance sold after November 1, 1982 to contain "a statement in boldface type signed by the applicant indicating that the optional coverages . . . have been explained to the applicant."

In *Southern Guaranty Ins. Co. v. Goddard*, 259 Ga. 257 (379 SE2d 778) (1989), the Supreme Court rejected the insurer's argument that "substantial compliance" was all that is required. The statement relied upon by the insurer was "printed with a typeface of the same boldness as the three statements above it and the two statements below it." "Boldface" was there defined as "that print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it."

Having examined the copies of the application, we agree with the trial court that the statement signed by Ms. Cole is not more conspicuous than the print which surrounds it. " 'The appellant had the burden of showing error and (it) has not demonstrated that the observation and conclusion (of the superior court) were incorrect. [Cit.]' *Duncan v. Amer. &c. Ins. Co.*, 197 Ga. App. 548, 549 (398 SE2d 759) (1990)." *Auto-Owners Ins. Co. v. McCrea*, 202 Ga. App. 688 (415 SE2d 294) (1992). Compare *American Home Assur. Co. v. McCladdie*, 200 Ga. App. 798 (1) (409 SE2d 576) (1991) with *Atlanta Cas. Co. v. Powell*, 200 Ga. App. 160 (407 SE2d 56) (1991).

2. Our conclusion in Division 1 makes unnecessary consideration of the remaining enumeration.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1992.

*Fulcher, Hagler, Reed, Hanks & Harper, Mark C. Wilby,* for appellant.

*Bell & Bell, David B. Bell,* for appellees.