A93A2328. GOVERNMENT EMPLOYEES INSURANCE
COMPANY v. WILLIAMS.
(437 SE2d 497)

BLACKBURN, Judge.

On August 25, 1987, the appellee, Ellis Williams, completed an application for automobile insurance with the Government Employees Insurance Company (GEICO). A section of that application gave Williams the option of accepting or rejecting additional personal injury protection coverage (PIP), and Williams checked the option rejecting any additional PIP. However, following a motor vehicle collision on January 28, 1988, he requested PIP coverage totaling $50,000, which GEICO declined to pay.

Williams subsequently commenced this action against GEICO to recover additional PIP benefits, alleging that the application form did not comply with the requirements of former OCGA § 33-34-5 (b). The trial court granted summary judgment for Williams and denied GEICO's counter motion for summary judgment, and this appeal followed.

OCGA § 33-34-5 (b) provided that each initial application for automobile liability insurance sold after November 1, 1982, "shall contain a statement in boldface type signed by the applicant indicating that the optional coverages . . . have been explained to the applicant." That statute mandated "that for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in boldface, and (3) that the statement be signed by the applicant." *Southern Guaranty Ins. Co. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778) (1989). See also *Maryland Cas. Ins. Co. v. Johnson*, 203 Ga. App. 381 (416 SE2d 872) (1992).

In the instant case, part of the application consisted of a two-sided form that displayed in bold capital letters the heading, **"GEORGIA INFORMATION AND OPTIONAL COVERAGES OFFER."** Immediately under the heading, the form instructed that no policy could be issued unless the form was completed and signed by the applicant indicating an acceptance or rejection of the optional coverages provided on the *front and reverse sides of the form.*

The front side of the form contained information regarding PIP coverages and some initial information about comprehensive and collision coverage. In the section on optional PIP coverages, Williams checked the box indicating that he did not want any additional PIP coverage. The remainder of the explanation of comprehensive and collision coverages appeared on the reverse side of the form, which also contained in boldface capital letters the following certification: "I **CERTIFY THAT ALL OF THE OPTIONAL COVERAGES**

LISTED ABOVE HAVE BEEN FULLY EXPLAINED TO ME. I UNDERSTAND THAT THIS FORM IS PART OF MY APPLICATION FOR INSURANCE, AND ANY FAILURE TO INDICATE ACCEPTANCE OR REJECTION OF ANY OF THESE OPTIONAL COVERAGES SHALL BE DEEMED A REJECTION." Williams signed and dated the form below that certification.

We conclude that this optional coverages form fully complied with former OCGA § 33-34-5 (b). It explained the optional coverages in plain language, contained in bold print a certification of such explanations, and bore the signature of the applicant. In defending the grant of summary judgment in his favor, Williams argues that the certification was limited to the explanations regarding comprehensive and collision coverages, which were the only coverages directly "above" the certification on the reverse side of the form. However, that restrictive construction of the word "above" is inappropriate.

Generally, where construction of an insurance policy is required, provisions of an insurance policy are construed against the insurer who drafted the policy. *Southern Guaranty Ins. Co. v. Goddard*, supra. Nevertheless, "[n]o construction of a contract is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. . . ." *Ga. Farm Bureau Mut. Ins. Co. v. Ray*, 148 Ga. App. 85, 86 (251 SE2d 34) (1978).

In this case, the format of the optional coverages offer was such that the only reasonable construction of the certification was that it pertained to all of the optional coverages listed and explained on both sides of the form. The optional PIP coverage having been included in those explanations and Williams having indicated his rejection of the explained optional coverages, the trial court erred in granting summary judgment for Williams and denying summary judgment for GEICO.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 8, 1993.

*Self, Mullins, Robinson & Marchetti, Pete Robinson, Thomas C. Rawlings, Angela D. Medders*, for appellant.

*Kenneth M. Henson, Jr.*, for appellee.