75433. ERVIN et al. v. AUTOMOBILE CLUB INSURANCE COMPANY.
(361 SE2d 870)

BANKE, Presiding Judge.
On November 29, 1982, the appellants, Mr. and Mrs. Ervin, met

with an agent of the appellee insurance company to apply for a new policy of automobile insurance covering two automobiles owned by Mr. Ervin. It is undisputed that Mr. Ervin is illiterate and that the application was signed only by Mrs. Ervin. However, it is also undisputed that she signed in her husband's presence, with the understanding that both she and her husband would be covered under the policy. Mr. Ervin similarly testified that it had been his understanding that Mrs. Ervin's signature on the application would be effective to procure coverage for both of them, and he affirmatively stated that she had his authorization to sign on his behalf. The application reflects that $10,000 in personal injury protection (PIP) coverage was applied for.

On September 27, 1983, Mr. Ervin was injured in an accident involving one of the insured vehicles. As a result, he suffered medical expenses and lost wages in excess of $45,000. The appellee subsequently tendered $10,000 in PIP benefits to Mr. Ervin, which he declined to accept. In November of 1984, the appellants made a demand on the appellee for maximum PIP coverage in the amount of $50,000, tendering the additional premiums payable for such coverage. When the demand was rejected, the Ervins filed the present action, seeking to recover benefits based on such coverage, as well as a statutory penalty and attorney fees for nonpayment. See generally OCGA § 33-34-6. The trial court granted summary judgment to the appellee insurance company and denied a motion for summary judgment filed by the appellants. This appeal followed. *Held*:

1. Initially, we consider the appellants' contention that the application form signed by Mrs. Ervin was violative of OCGA § 33-34-5 (b), with the result that no rejection of PIP coverage could have resulted from it. As the application was executed subsequent to November 1, 1982, it was governed by Ga. L. 1982, p. 1234, § 1, which amended OCGA § 33-34-5 (b) to provide that: "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant."

The application form in question contained boldface type stating: "PERSONAL INJURY PROTECTION AND THE OPTIONAL NO-FAULT COVERAGES HAVE BEEN OFFERED AND EXPLAINED TO ME. I AUTHORIZE THAT MY POLICY BE ISSUED AS FOLLOWS:" Following that language was a series of boxes offering PIP coverage in the amounts of $5,000, $10,000, $25,000, and $50,000, respectively, along with language clearly indicating that one of these boxes "must be checked." The Ervins' application contained an "X" in the box marked "$10,000." We hold that the application

form was in full compliance with the statutory requirements of OCGA § 33-34-5 (b), as that Code section existed on the date the application form was executed, with the result that it constituted a valid rejection of PIP coverage in excess of $10,000. The appellants' reliance on pre-1982 cases is misplaced, as these cases dealt with an earlier version of the statute. See *Hardy v. Nationwide Ins. Co.*, 182 Ga. App. 311 (356 SE2d 38) (1987).

2. The appellants further contend that the appellee must be deemed to have extended the maximum available PIP coverage to Mr. Ervin as a result of its failure to obtain his signature on the application form. In support of this argument, the appellants rely on the "equal dignities rule," requiring that "[t]he act creating [an] agency shall be executed with the same formality . . . as the law prescribes for the execution of the act for which the agency shall be created." OCGA § 10-6-2. In other words, Mr. Ervin contends that Mrs. Ervin's signature could not bind him in the absence of a writing signed by him authorizing her to execute the application on his behalf. This contention is patently without merit. It has previously been held that where a wife admittedly signed an insurance application at the direction of her husband, "it would contravene any notion of justice to allow the appellant to disavow his admitted agency in an attempt to impose liability." *Miller v. State Farm &c. Ins. Co.*, 155 Ga. App. 487, 488 (271 SE2d 14) (1980). Similarly, Mr. Ervin will not be heard in the present case to argue simultaneously that his wife was authorized to sign the application form on his behalf but that she was not authorized to act on his behalf with respect to the election of optional PIP coverage. Compare *Holt v. Intl. Indem. Co.*, 171 Ga. App. 817 (321 SE2d 374) (1984).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 13, 1987.

*Lester B. Johnson III*, for appellants.
*Paul W. Painter, Jr., Shari M. Sigman*, for appellee.