46729. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA v. GODDARD.
(379 SE2d 778)

CLARKE, Presiding Justice.

This case presents our first opportunity to construe the 1982 amendment to OCGA § 33-34-5 providing the means by which an applicant for liability insurance may reject additional coverage and the requirements of what must be contained in the application for such insurance.

The insured here contends the application failed to meet the mandates of the statute and results in additional coverage for her. The insurance company argues it complied substantially. The trial court found no compliance and the Court of Appeals affirmed. *Southern Guaranty Ins. Co. of Ga. v. Goddard,* 190 Ga. App. 97 (378 SE2d 130) (1989). We now affirm.

A detailed and accurate statement of the facts and description of the application involved in this case appear in the Court of Appeals' opinion and will not be repeated here.

The statutory provision in question is an amendment to the original no-fault insurance act and appears as OCGA § 33-34-5 (b). It reads thusly:

> (b) Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant.

This statute speaks concisely in establishing the requirements for the content of an application for liability insurance coverage. It mandates that for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in boldface, and (3) that the statement be signed by the applicant.

The enactment of the amendment listing these requirements followed on the heels of the confusion in this area during the litigation involving the decisions in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), and *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984), and plainly demonstrates an effort of the legislature to draw a bright line for insurance companies to follow in the preparation of applications for liability insurance. The clarity of the language of the amendment paints such a line unmistakably.

Despite this, the application here contains no language concerning an explanation being given, and even the statement which the insurance company contends substantially complies is printed with a typeface of the same boldness as the three statements above it and the two statements below it. The common sense definition of boldface is that print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it. The typeface here falls far short of that.

The language of the statute conveys a clear meaning in plain words while the language of the application writes in insurance industry jargon and abbreviations listing 29 types of coverage making 87 options available.

We are not persuaded by the company's argument. Its effect is to say that the company which drafted the application is held to only

substantial compliance with the plain-talking statute while the public is held to strict compliance with the confusing maze appearing on the application.

We have consistently held that the provisions of insurance policies are construed strictly as against the insurer which drafts the policy. *State Farm Ins. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988); *Richards v. Hanover Ins. Co.*, 250 Ga. 613 (299 SE2d 561) (1983). It is only logical that the same rule should apply to insurance applications which most often become a part of the policy.

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED MAY 25, 1989.

*Darroch & Obenshain, Robert M. Darroch, Emory A. Wilkerson, C. David Vaughan,* for appellant.

*Didio & Broome, Stefano A. Didio, Robert W. Broome,* for appellee.