A90A1510. DUNCAN v. AMERICAN MUTUAL FIRE INSURANCE COMPANY.

(398 SE2d 759)

BEASLEY, Judge.

In this declaratory judgment action, defendant Shirley Duncan appeals the grant of plaintiff American Mutual's motion for summary judgment and also assigns error on the denial of her motion for par-

tial summary judgment. The principal issue involves the construction of an automobile liability insurance policy which American Mutual issued to Rodney James Duncan, Shirley Duncan's husband. Within the policy's effective dates, Rodney Duncan was killed when a tree fell on the car he was driving. Shirley Duncan sought reimbursement under the personal injury protection (PIP) provisions of the policy and was paid $5,000 by American Mutual. Through counsel she demanded an additional $45,000 in excess PIP benefits and offered to pay any additional premiums due for such coverage. American Mutual sought a declaration that it had paid the maximum amount owed under the policy.

Shirley Duncan contends that the form her husband executed in conjunction with the issuance of the policy failed to comply with OCGA § 33-34-5 (b): "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant." She also contends that the application fails to assure a knowing waiver of privileges by applicants who sign it.

The Code section "mandates that for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in boldface, and (3) that the statement be signed by the applicant." *Southern Guar. Ins. Co. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778) (1989).

The application contained the following statement signed by Rodney Duncan: "I affirm that all options set forth above and on the reverse side of this application have been offered and explained to me as required by State Law or Regulation." The amount of coverage set forth under the section "Personal Injury Protection" stated: "(All States) P. I. P. Limit - *$5,000*." The figure was typed in. The application contained a section designated "INSUREDS OPTIONS" which listed "PERSONAL INJURY PROTECTION" and, under that, "GEORGIA - LIMITS: $5,000, $10,000, $25,000, $50,000." The trial court, in an explanatory order, concluded that the above sufficiently described the amount of PIP coverage available to an insured. It also noted that the statement was in bold, black type with the words "options," "offered" and "explained" in bold, red type. It adjudged that this met the Supreme Court's interpretation of the statute's requirement of "boldface."

The words are "sufficiently heavy in appearance to cause [them] to be more conspicuous than the print which surrounds [them]." *Goddard*, supra. The appellant had the burden of showing error and she

has not demonstrated that the observation and conclusion were incorrect. *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981).

The application contained, as "INSUREDS OPTIONS," amounts from $5,000 to $50,000 which is the aggregate limit prescribed by OCGA § 33-34-5 (a) (1). It provided that the amount selected be inserted, as a stated figure, into the form as the "P. I. P. Limit." After the statement that coverage had been explained and offered to the insured, in somewhat smaller but still black type was the further statement: "Except as indicated hereon they are hereby rejected." While there are undoubtedly clearer and more straightforward ways of accomplishing an explanation which meets the Georgia requirements, the method used by American Mutual does not violate the precepts articulated by our cases. See *Bob Lairsey Ins. Agency v. Allen*, 180 Ga. App. 11 (348 SE2d 658) (1986); *Hardy v. Nationwide Ins. Co.*, 182 Ga. App. 311 (356 SE2d 38) (1987); *Ervin v. Auto. Club Ins. Co.*, 184 Ga. App. 496 (361 SE2d 870) (1987); *West v. Southern Guar. Ins. Co.*, 194 Ga. App. 412 (390 SE2d 619) (1990). Compare *Striggles v. Hanover Ins. Co.*, 194 Ga. App. 76 (391 SE2d 767) (1989).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1990 —
REHEARING DENIED NOVEMBER 14, 1990 — ▮▮▮▮▮▮

*Kaufman & Associates, C. Jeffrey Kaufman, W. Cary Herin, Jr.,* for appellant.

*Darroch & Obenshain, Robert M. Darroch, C. David Vaughan,* for appellee.