A91A0469. ATLANTA CASUALTY COMPANY v. POWELL.
(407 SE2d 56)

Carley, Judge.

In 1988, appellee-plaintiff Eddie James Powell (insured) applied for and was issued an automobile insurance policy by appellant-defendant Atlanta Casualty Company (insurer). The insured was subsequently injured in a vehicular mishap and he sought optional no-fault benefits from the insurer, asserting that the application form upon which his policy had been issued did not comply with the requirements of OCGA § 33-34-5 (b). When the insurer denied the claim, the insured brought the instant action to recover optional no-fault benefits. Cross-motions for summary judgment were filed. The trial court denied the insurer's motion and granted summary judgment in favor of the insured and the insurer appeals.

OCGA § 33-34-5 (b) provides: "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional [no-fault] coverages . . . have been explained to the applicant." In order for there to be an "effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in boldface, and (3) that the statement be signed by the applicant." *Southern Guar. Ins. Co. of Ga. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778) (1989).

In relevant part, the application submitted by the insured to the insurer contained two paragraphs. Paragraph A was denominated as "ADDITIONAL NO FAULT OPTIONS" and provided boxes to be checked signifying acceptance of $10,000, $25,000, or $50,000 in optional personal injury protection coverage or a rejection of such optional coverage. The insured had checked the box signifying his rejection of the optional coverages. Paragraph B was denominated as "OPTIONAL BASIC PERSONAL INJURY PROTECTION DEDUCTIBLE" and provided boxes to be checked signifying acceptance or rejection of a deductible. The insured had checked the box signify-

ing his rejection of a deductible. Immediately following Paragraph B was the following boldface statement: *"Each of the Personal Injury Protection Options shown above* has been fully explained to me. I have knowingly made my selection by checking the appropriate block and have verified this selection by my signature below. Any block not checked indicates my rejection of the option."* (Emphasis supplied.) Following this statement, the insured had placed his signature on the line provided.

The above-quoted statement refers to the applicant's receipt of an explanation of "[e]ach of the Personal Injury Protection Options shown above" and, of the two personal injury protection options that were shown immediately above this statement, the option that was shown in Paragraph A dealt with the optional no-fault coverages required by OCGA § 33-34-5 (a) to be offered to an applicant. The statement was in boldface and was signed by the insured. It follows that the statement *was* in compliance with OCGA § 33-34-5 (b). Compare *Southern Guar. Ins. Co. v. Goddard,* supra at 258 (wherein the application contained *no* boldface statement "concerning an explanation being given. . . .") "While there are undoubtedly clearer and more straightforward ways of accomplishing an explanation which meets the Georgia requirements, the method used by [the insurer in the instant case] does not violate the precepts articulated by our cases. [Cits.]" *Duncan v. American Mut. Fire Ins. Co.,* 197 Ga. App. 548, 550 (398 SE2d 759) (1990). Accordingly, the trial court erred in granting summary judgment in favor of the insured and in denying the insurer's motion for summary judgment.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 15, 1991 —
REHEARING DENIED JUNE 25, 1991 — 

*Simpson & Gray, Joseph B. Gray, Jr., Lawrence C. Walker, Jr.,* for appellant.
*Berrien L. Sutton,* for appellee.