A92A0203. AUTO-OWNERS INSURANCE COMPANY v. McCREA.
(415 SE2d 294)

McMurray, Presiding Judge.

The sole issue in this appeal is whether appellant's automobile insurance application sufficiently apprised appellee that optional no-fault benefits were made available to him. Finding that "the words in the required explanatory statement are not sufficiently heavy in appearance to cause them to be more conspicuous than the print which surrounds them," the superior court ruled that appellee was entitled to the maximum amount of optional no-fault coverage as a matter of law and granted appellee's motion for summary judgment. This appeal followed. *Held*:

During the pertinent time period, OCGA § 33-34-5 (b) provided as follows: "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant." This provision established a bright line requirement for automobile insurance applications, to wit: A boldface statement, signed by the applicant, indicating that optional coverages have been explained to the applicant. *Southern Guar. Ins. Co. of Ga. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778).

The parties agree that the required statement in the application under scrutiny contains an appropriate explanation signed by appellee. They disagree, however, as to whether the statement was made in boldface type.

"The common sense definition of boldface is that print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it." *Southern Guar. Ins. Co. of Ga. v. Goddard*, 259 Ga. 257, 258, supra; *Duncan v. Amer. &c. Ins. Co.*, 197 Ga. App. 548, 549 (398 SE2d 759).

We agree with the superior court that the statement signed by appellee is not more conspicuous than the print which surrounds it. "The appellant had the burden of showing error and [it] has not demonstrated that the observation and conclusion [of the superior court] were incorrect. *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981)." *Duncan v. Amer. &c. Ins. Co.*, 197 Ga. App. 548, 549, 550, supra.

*Atlanta Cas. Co. v. Powell*, 200 Ga. App. 160 (407 SE2d 56), cited by appellant, is inapposite. In that case, unlike the case sub judice, the required statement was in boldface.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JANUARY 23, 1992 —
RECONSIDERATIONS DENIED JANUARY 30, 1992 AND FEBRUARY 5, 1992

*Young, Clyatt, Turner, Thagard & Hoffman, William A. Turner, Jr.,* for appellant.

*Sutton & Slocomb, Berrien L. Sutton,* for appellee.