A92A0291. WINDSOR INSURANCE COMPANY v. JEFFERY et al.

(420 SE2d 15)

ANDREWS, Judge.

Remiza and Melvin Jeffery brought suit to recover optional no-fault benefits under an automobile liability insurance policy issued by Windsor Insurance Company (Windsor) in 1986. Mr. Jeffery was injured in an automobile collision on June 18, 1989, and Windsor paid minimum no-fault benefits of $5,000 under the policy. The Jefferys demanded payment of maximum no-fault benefits in the amount of $50,000, tendered the additional premium for such coverage, and claimed optional no-fault benefits (which had been rejected in the application for insurance) were payable because the application failed to explain and offer optional coverages in compliance with the requirements of OCGA § 33-34-5 (b).[1] When the demand was rejected, this suit followed which also seeks statutory penalty, attorney fees and punitive damages against Windsor under OCGA § 33-34-6 for bad faith refusal to pay the optional benefits.

Both parties moved for summary judgment. The trial court granted summary judgment in favor of the Jefferys for optional no-fault benefits, and denied Windsor's motion for summary judgment as to damages sought under OCGA § 33-34-6, finding that the issue of bad faith refusal to pay was a jury question. Windsor appeals.

1. In granting summary judgment in favor of the Jefferys, the trial court ruled that OCGA § 33-34-5 (b) was not satisfied because the required statement that the optional coverages required to be offered had been explained was not in boldface type. OCGA § 33-34-5 (b) provides that: "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant."

The statute "mandates that for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in boldface, and (3) that the statement be signed by the applicant." *Southern Guar. Ins. Co. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778) (1989).

The record contains two pieces of documentary evidence showing the typeface contained on the application for insurance: (1) a copy of the application form signed by Ms. Jeffery, and (2) an original unsigned sample of the insurance application form used by Windsor.

---

[1] Citations to OCGA §§ 33-34-5 and 33-34-6 refer to the statutes as they existed prior to the amendments and revisions enacted by Ga. Laws 1991, p. 1608.

The affidavit of Windsor's operations vice president, reciting personal knowledge, has an original unsigned sample application form attached, and states that the original application for insurance, signed by Ms. Jeffery through Tanner Insurance Agency, was received by Windsor, microfiched, and the original signed document was discarded pursuant to the company's standard business procedures in dealing with the volume of applications. The affidavit states that the original application signed by Ms. Jeffery was on a form identical to the sample form attached to the affidavit. A copy of the application form signed by Ms. Jeffery is also identified and attached to the affidavit. It is apparent from the affidavit that Windsor is not claiming its vice president of operations had immediate and independent personal knowledge of Ms. Jeffery's execution of the application at Tanner Insurance Agency, or of the specific receipt, handling and disposal of Ms. Jeffery's original application form. At most, the affidavit establishes the affiant's personal knowledge of the appearance of the application form in use by Windsor, and of the procedures used to process the large numbers of applications received, and produces the copy of the signed application form as a record kept in the ordinary course of business.

The only signed application form in the record is a copy of the form signed by Ms. Jeffery through the Tanner Insurance Agency. The record is silent as to whether the form signed by Ms. Jeffery was an original Windsor application or a copy of an original form. To the extent the affidavit purports to establish that Ms. Jeffery signed an original Windsor application form rather than a copy of an original form, the affidavit is hearsay and has no probative value in support of summary judgment. There is no indication as to whether the trial court entered its order based on the typeface in the signed copy or the unsigned original sample form.

This question is critical to determining whether the required statement was in boldface type. The test established in *Southern Guar.*, supra at 258, requires that the typeface of the explanatory statement be in "print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it." In our view, the typeface of the required explanation as it appears on the signed copy of the application, though perhaps slightly thicker than the surrounding print, is not different enough to be conspicuous, and fails the test. The typeface of the explanation on the unsigned sample original application form appears substantially bolder and thicker than the copy, and is conspicuous enough to pass the test. In the absence of the original signed application, Windsor's production of the unsigned sample application used by the company creates a question of fact making it necessary to establish whether Ms. Jeffery signed an original form or a copy of an original.

The Jefferys also contend that the application failed to comply with OCGA § 33-34-5 (b) because the required explanatory statement was not signed by the applicant. We find no merit in this contention. Here, the statement that the explanation of optional coverages has been given includes a description of the optional coverages offered followed immediately by the applicant's signature.

The trial court erred by granting summary judgment in favor of the Jefferys.

2. The trial court's determination regarding damages sought under OCGA § 33-34-6 must be vacated and reconsidered after resolution of the factual issue discussed in Division 1.

*Judgment reversed in part, and vacated in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 28, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992 —

*Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., Clyde E. Rickard III,* for appellant.

*Sutton & Slocumb, Berrien L. Sutton, Reinhardt, Whitley & Wilmot, Glenn Whitley,* for appellees.