## A94A0837. SAFECO INSURANCE COMPANIES OF AMERICA v. HARRIS.
### (447 SE2d 128)

McMURRAY, Presiding Judge.

Plaintiff Harris was insured by defendant Safeco Insurance Companies of America when he was injured in a motor vehicle collision *on May 2, 1990*. Subsequently, plaintiff filed this action seeking additional personal injury protection coverage based on the failure of the application for his insurance policy to conform with the provisions of former OCGA § 33-34-5 (b) *at the time of the accident*. This statute required an application for a new policy of automobile insurance to contain a statement in boldface type indicating that the optional coverage listed in former OCGA § 33-34-5 (a) had been explained to the applicant and also provided that this statement be signed by the applicant. Defendant Safeco appeals from the grant of summary judgment in favor of plaintiff holding that the statement in its application form was not in compliance with the law. *Held*:

In the absence of compliance with former OCGA § 33-34-5 (b) there is no effective rejection of the optional coverage and such may be claimed by tendering the appropriate premiums. *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (1) (300 SE2d 673). See also *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230, 234 (1) (274 SE2d 623). The definitive case in regard to whether an insurance application satisfies the requirement for boldface type is *Southern Guaranty Ins. Co. of Ga. v. Goddard*, 259 Ga. 257 (379 SE2d 778), which defines boldface type as "that print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it." Id. at 258.

In the case sub judice, the sole issue is whether the required statement was printed in boldface type. The application form in this case contains an adequate statement signed by the applicant. The problem is that the statement is printed in red type which is no heavier and actually may be less heavy in appearance than the surrounding type. Defendant seizes on the references to conspicuousness in the original definition and cases which follow it, but there is no avoiding that the red type in the application form in this case if conspicuous is so only because of color and not because heavier in appearance. The only previous case dealing with color variations in the print was *Duncan v. American Mut. Fire Ins. Co.*, 197 Ga. App. 548 (398 SE2d 759), where some of the words in the statement were in red print, albeit also in bold type as defined by the Supreme Court of Georgia.

The legislature required "boldface type," the Supreme Court defined this term, and the type in the application at issue simply does not comply because it is not heavier in appearance. We must affirm the judgment of the state court.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 13, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 —

Sullivan, Hall, Booth & Smith, John E. Hall, Jr., T. Andrew Graham, for appellant.

Dozier, Akin, Lee & Graham, L. Z. Dozier, Jr., for appellee.