A94A1856. HENRY v. GULF INSURANCE COMPANY.
(448 SE2d 230)

BIRDSONG, Presiding Judge.

Larry D. Henry appeals the grant of summary judgment to Gulf Insurance Company on whether its application for personal injury protection ("PIP") coverage contained "adequate boldface type" and whether a new policy of PIP insurance was later issued. He also appeals the denial of his motion for summary judgment on the same issues.

Henry, a pedestrian at the time, was injured while crossing a street when he was hit by a drunk driver. Gulf Insurance is the automobile insurance carrier of Henry's brother and Henry was a resident of his brother's home at the time of his injury. Although Gulf Insurance paid $5,000 in basic PIP benefits, Henry asserts that he is entitled to the maximum optional PIP benefits because he claims that Gulf Insurance's application for PIP coverage did not satisfy the requirements of former OCGA § 33-34-5 (b). Additionally, Henry asserts that in the event his brother's original application was sufficient, a second application was insufficient, and, therefore, he is entitled to claim the optional benefits under that application. *Held*:

1. Although former OCGA § 33-34-5 (b) has been repealed, it is applicable to this litigation because it was in effect at the time of Henry's injury. This Code section provides: "Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant." If the application does not satisfy the requirements of this section, the optional coverage has not been rejected effectively and an insured may later claim the optional coverage by tendering the necessary premium. See *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, 712 (300 SE2d 673).

The issue presented is whether Gulf Insurance's application meets the boldface type requirements. Boldface type is "that print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it." *Southern Guaranty Ins. Co. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778).

Examination of the application in the record (see Appendix) shows that it contains the proper acknowledgment, but the application does not satisfy former OCGA § 33-34-5 (b) because the type used is not more conspicuous than the print which surrounds it. Instead, although the acknowledgment is printed in all capital letters, the acknowledgment is virtually surrounded with other type of similar size, ink density, and/or thickness so that what might have otherwise been conspicuous is lost in the type that surrounds it. Id.

Accordingly, the trial court erred by granting summary judgment to Gulf Insurance Company on this issue and also erred by denying Henry's motion.

2. In view of our disposition in Division 1, Henry's contention concerning the subsequent application is moot.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 2, 1994 —
RECONSIDERATION DENIED AUGUST 26, 1994.

*B. Samuel Engram, Jr.*, for appellant.

*Carter & Ansley, Burke B. Johnson, Thomas E. Magill*, for appellee.

APPENDIX

[] 3ELECT INSURANCE COMPANY

## SUPPLEMENTAL APPLICATION — GEORGIA
## AND
## OFFER TO PURCHASE ADDITIONAL COVERAGES

**NOTICE TO APPLICANT FOR AUTOMOBILE INSURANCE:**

The Georgia NO-FAULT law requires that this form be completed, signed by the applicant and made a part of the application for automobile insurance.

Please indicate your choice by checking the appropriate boxes and sign below.

A.   OPTIONAL PERSONAL INJURY PROTECTION (PIP)

Increase my PIP benefits from the basic $5,000 limit to:
[] $10,000          [] $25,000          [] $50,000
[] I do not want Optional PIP benefits.

B.   PERSONAL INJURY PROTECTION (PIP) — DEDUCTIBLE

[] I want full coverage Personal Injury Protection.
[] I want Personal Injury Protection with a $_____ deductible.

C.   COLLISION COVERAGE

[] I want full coverage Collision.
[] I want Collision coverage with a $_____ deductible.
[] I do not want Collision coverage.

D.   COMPREHENSIVE COVERAGE

[] I want full coverage Comprehensive.
[] I want Comprehensive coverage with a $_____ deductible.
[] I do not want Comprehensive coverage.

E.   LOSS OF USE

This insurance will reimburse you for transportation charges (including car rental) incurred due to the loss of your automobile resulting from damage by accident to your automobile.

[] I want LOSS of USE coverage.
[] I do not want LOSS of USE coverage.

I ACKNOWLEDGE THAT ALL OF THE ABOVE OPTIONAL COVERAGES HAVE BEEN EXPLAINED TO ME.

ACKNOWLEDGEMENT OF APPLICANT: _Freeman Henry X Freeman Henry_

DATE: _4-18-90_          NAMED INSURED: _Freeman Henry_

POLICY NUMBER: _New_

NAME OF AGENT: _Netherace Ins_

Form 1148 (Revised 1/1/88)