A95A0707. TRAVELERS INDEMNITY COMPANY v. HOLTZ.
(460 SE2d 300)

Ruffin, Judge.

Robert Holtz was injured in an automobile accident and incurred $31,216.96 in medical expenses and $4,558 in property damage. Holtz made a claim to his insurance company, The Travelers Indemnity Company ("Travelers"), which paid him a total of $5,000 in no-fault benefits, the full extent of his coverage. Holtz sued Travelers after it refused his demand to reimburse him for all his damages. In his complaint, Holtz alleged that since his insurance application did not properly advise him of optional personal injury protection ("PIP") and property damage coverages available under the former OCGA § 33-34-5 (b), he was entitled to these optional benefits in an amount that would cover his total claim. The trial court denied Travelers' motion for summary judgment, ruling that the company's application for insurance coverage did not comply with the former OCGA § 33-34-5 (b). Because we find the application did comply with the statute, we reverse.

The legislature enacted the former OCGA § 33-34-5 (b) to draw a bright line between cases where applicants effectively rejected optional coverages and cases where the applicant did not. *Southern Guaranty Ins. &c. v. Goddard*, 259 Ga. 257 (379 SE2d 778) (1989). That Code section, which was in effect at the time Holtz applied for insurance coverage with Travelers, required that "[e]ach initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant." Accordingly, "for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in bold face, and (3) that the statement be signed by the applicant." Id. at 258.

The insurance application in this case consisted of three pages. The first two pages of the application contained space for general information concerning the applicant and options for general coverage.

The third page, titled "SUPPLEMENTARY APPLICATION — GEORGIA" listed optional PIP and property coverages. At the top of the supplementary application is the statement: "The following optional automobile coverages are offered in accordance with the Georgia statute. An X indicates option selected." Under that statement are sections concerning coverage for property damage, PIP deductible, additional PIP protection with overall limits from $10,000 to $100,000, and uninsured motorist coverage. At the bottom of the supplementary application in conspicuous bold-face print is the following: "**INSURED'S OR APPLICANT'S STATEMENT — The coverages on this supplementary application were explained to me, and I knowingly made the selections indicated.**" Holtz signed the application immediately below this statement.

Holtz contends the statement was deficient because it provided only that the coverages listed *on the supplementary application* were explained to him and did not provide that the coverages *required by statute* were explained to him. In the numerous cases where we have reviewed statements similar to the one in this case, we have consistently held the statements sufficient. For example, in *Atlanta Cas. Co. v. Powell*, 200 Ga. App. 160 (407 SE2d 56) (1991), we approved a statement providing, "[e]ach of the Personal Injury Protection Options shown above has been fully explained to me." (Emphasis omitted.) Id. at 161. In *Duncan v. American Mutual &c. Ins. Co.*, 197 Ga. App. 548 (398 SE2d 759) (1990), we approved of a statement providing, " 'I affirm that all options set forth above and on the reverse side of this application have been offered and explained to me as required by State Law or Regulation.' " Id. at 549. And, in *Henry v. Gulf Ins. Co.*, 214 Ga. App. 516 (448 SE2d 230) (1994), we held as sufficient the wording of the statement, "I acknowledge that all of the above optional coverages have been explained to me." Id. at 518 (We ultimately concluded that the statement did not satisfy former OCGA § 33-34-5 (b) because it was not in boldface). In each of these cases the statement failed to provide that the coverages required by statute were explained to the applicant as Holtz contends Travelers' application should. Furthermore, in each of these cases the coverages listed on the application were not a verbatim recitation of the coverages provided for in the statute.

The application in this case listed the types of coverages provided for in the former OCGA § 33-34-5 (a). The required bold-face acknowledgment and Holtz's signature followed this list of coverages. Under these circumstances, we conclude that the application passed the bright line test for establishing whether an applicant effectively rejected the optional coverages listed in the former OCGA § 33-34-5 (a). Since Holtz rejected the optional coverages, the trial court erred

in denying Travelers' motion for summary judgment. See *Powell,*
supra.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JUNE 13, 1995 —
RECONSIDERATION DENIED JULY 25, 1995 — 

*Freeman & Hawkins, Michael J. Goldman, Stephen M. Brooks,
Oliver B. Dickens, Jr.,* for appellant.

*Bell & Bell, David B. Bell, Hull, Towill, Norman & Barrett,
David E. Hudson, Ronald A. Lowry,* for appellee.