A96A0596, A96A0597. SOUTHERN FIRE & CASUALTY
COMPANY v. FREEMAN; and vice versa.
(474 SE2d 195)

BLACKBURN, Judge.
In Case No. A96A0596, Southern Fire & Casualty Company (Southern Fire) appeals the trial court's order granting Sarah Freeman's motion for summary judgment on the issue of Southern Fire's compliance with former OCGA § 33-34-5 (b) in the application for automobile insurance at issue. In Case No. A96A0597, Sarah Freeman appeals the trial court's order granting Southern Fire's motion for summary judgment on the issue of bad faith damages provided for by OCGA § 33-4-6.
1. Freeman, the insured, contended that Southern Fire's application failed to meet the mandates of former OCGA § 33-34-5 (b) and thus the policy provides additional coverage for her. In granting her motion for summary judgment, the trial court agreed.
"The legislature enacted the former OCGA § 33-34-5 (b) to draw a bright line between cases where applicants effectively rejected optional coverages and cases where the applicant did not. *Southern Guaranty Ins. &c. v. Goddard*, 259 Ga. 257 (379 SE2d 778) (1989). That Code section, which was in effect at the time [Freeman] applied for insurance coverage with [Southern Fire], required that '(e)ach initial application for a new policy of motor vehicle liability insurance

sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant.' Accordingly, 'for there to be an effective rejection of additional coverage, the application must (1) contain a statement that the optional coverage required by the statute to be offered has been explained to the applicant, (2) that the statement be in bold face, and (3) that the statement be signed by the applicant.' Id. at 258." *Travelers Indem. Co. v. Holtz*, 218 Ga. App. 83 (460 SE2d 300) (1995). In *Southern Guaranty Ins. Co. v. Goddard*, supra at 258, the Georgia Supreme Court determined that "[t]he common sense definition of boldface is that print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicious than the print which surrounds it."

In the present case, Southern Fire's application contained an "**Offer of Additional Optional No-Fault Coverage**" on a separate page marked off in its own box. See Exhibit A to this opinion. Below the offer of additional coverage, set off in its own paragraph, and in bold type is the language: "**The Additional Optional Coverages Above Have Been Explained To Me.**" This statement is followed by two short lines, also in boldface type, containing the definitions of PIP and ACV: "**PIP means personal injury protection and ACV means actual cash value.**" Freeman's signature, as applicant, follows these definitions.

Our review of the application indicates that although the statement required by law to be in boldface type, is in boldface type, additional surrounding language is also in boldface type. This additional language is not required by law to be in boldface type. Furthermore, other language on the form is printed in such a way as to make it conspicious, e.g., "**For Georgia Residents**" at the top of the form is in boldface type and in a larger sized font than the language around it. Under the facts of this case, we find that the mandates of former OCGA § 33-34-5 (b) and the requirements of our Supreme Court in *Goddard*, supra, have not been met because the statement required by law to be "different enough to be conspicious" is not. *Windsor Ins. Co. v. Jeffery*, 204 Ga. App. 557, 558 (420 SE2d 15) (1992). The dissent ignores the Supreme Court's specific requirement that the print be *more conspicious than the print which surrounds it*. The reason for this requirement is that the effect of boldfacing could be easily defeated by simply boldfacing the surrounding material. Rather like in hiding a tree, the best place to do so is in a forest. *Goddard*, supra at 258. We have no authority to overrule the Supreme Court and are bound to follow its specific requirements. Therefore, the trial court correctly granted Freeman's motion for summary judgment.

2. In her cross-appeal, Freeman contends the trial court erred in

granting Southern Fire's motion for summary judgment on her claims for bad faith penalties and attorney fees.

"To support a cause of action under OCGA § 33-4-6, the insured bears the burden of proving that the refusal to pay the claim was made in bad faith. A defense going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action. [Furthermore,] [p]enalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." (Citations and punctuation omitted.) *Southern Fire &c. Ins. Co. v. Northwest Ga. Bank,* 209 Ga. App. 867, 868 (434 SE2d 729) (1993).

In the present case, we cannot say that the trial court erred in determining that Southern Fire's defense was not frivolous or an unfounded denial of liability. This Court is unaware of any case directly interpreting the insurance application at issue. Although the trial court relied on *Henry v. Gulf Ins. Co.,* 214 Ga. App. 516 (1) (448 SE2d 230) (1994), to determine that the present application did not comply with former OCGA § 33-34-5 (b), that case is distinguishable. In *Henry,* we determined that an application which contains the acknowledgment in all capital letters with the same ink density as the remaining type on the page was not sufficient to meet the mandates of former OCGA § 33-34-5 (b). Id. at 517. Because the acknowledgment in the present case is in boldface type, our analysis in the *Henry* case does not directly apply, and is not a basis to assert that the issue presented in the present case has previously been determined.

Although Southern Fire's defense did not prevail, the insured must prove that the defense was frivolous and unfounded. The insured failed to carry this burden. Therefore, the trial court correctly granted Southern Fire's motion for summary judgment.

*Judgments affirmed. McMurray, P. J., Pope, P. J., and Johnson, J., concur. Birdsong, P. J., and Ruffin, J., concur in the judgment only. Beasley, C. J., Andrews and Smith, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

I concur in Division 2 (Case No. A96A0597) but not in Division 1 (Case No. A96A0596). It is obvious in this case that plenty of notice was given and that the applicant for insurance knew what she was signing. The explanation itself is express to an extent, and the applicant's name is carefully subscribed on the two lines provided for it. The nature of her signature gives the appearance of deliberateness.

The options are clearly and simply presented in orderly columns, with space between so they are not lost in close writing. The box gives added emphasis to the fact that this portion of the application

is unique and exclusively for Georgia residents. In bold face are certain important statements, each set off from the others, that this is an offer, that Georgia law requires it, that the applicant must make a written choice about each option, that they have been explained to her, and what the abbreviations mean for the coverages she must accept or reject.

Although this form was signed in 1988, no case in these intervening years has held that it is deficient for failing to meet the mandates of OCGA § 33-34-5 (b), as the majority noted, before that Code section was changed in 1991. The conclusion is inescapable from a reading of the questioned portion of the document that it "contain[s] a statement in boldface type signed by the applicant indicating that the optional coverages listed in [the] Code section have been explained to the applicant." OCGA § 33-34-5 (b) (1990 ed.). The three parts of this requirement, as identified by the Supreme Court in *Southern Guaranty Ins. Co. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778) (1989), were satisfied. The "bright line" was followed.

The fact that the insurer deemed it wise, to assure applicant's attention and understanding, to highlight several other short statements as well does not diminish or detract or neutralize the boldness of the required statement. It stands out by itself, with space between it and all the other print, most of which is not bold. It is conspicuous, in the word used by the Supreme Court in *Goddard*; it is not an obtuse statement, buried in a "confusing maze" written in insurance industry jargon with abbreviations listing 29 types of coverage making 87 options available, as was the application presented to Goddard. In fact, the insurer went so far as to capitalize the first letter of each word in the assurance, giving it even more emphasis than the Code requires. The applicant's signature is only one sentence removed from this law-required statement, strengthening the memorialization of the acknowledgment that the insurer fulfilled its obligation to explain. The other boldfacing merely gives context to the statement of assurance, fleshing out its bare bones.

Applying the "common sense" approach taken by the Supreme Court in *Goddard* leads to the conclusion that "the plain-talking statute" was complied with in this case. Its purpose was met, as it is clear from the insurance application that Freeman confirmed that the coverage which she knew would cost an additional premium was explained to her and rejected by her. That being so, she has no claim for additional coverage, and the trial court erred in denying summary judgment to defendant on this issue.

I am authorized to state that Judge Andrews and Judge Smith join in this dissent.

## For Georgia Residents

### Offer of Additional Optional No-Fault Coverage

Georgia law requires that certain optional coverages be made available to you. Additional PIP Benefits, over and above the basic benefits may be purchased. In addition you may elect to purchase insurance on your own automobile on a "No Deductible" basis.

Important Notice: If you do NOT desire to purchase these additional optional coverages required to be offered to you by law, you must reject these coverages in writing, or they will be included in your policy and an additional premium charged.

| | Reject | Accept | | Reject | Accept |
|---|---|---|---|---|---|
| 10000 PIP | ☒ | ☐ | ACV Comprehensive | ☒ | ☐ |
| 25000 PIP | ☒ | ☐ | ACV Collision | ☒ | ☐ |
| 50000 PIP | ☒ | ☐ | Loss Of Use | ☒ | ☐ |

The Additional Optional Coverages Above Have Been Explained To Me.

PIP means personal injury protection
and ACV means actual cash value.

_Sarah B Freeman_
Applicants Signature

I hereby authorize Jefferson-Pilot Fire & Casualty Company and/or Southern Fire & Casualty Company and/or Jefferson-Pilot Property Insurance Company and/or any of its agents to obtain from the Georgia Department of Public Safety a copy of my Motor Vehicle Report for the use in rating and/or underwriting the insurance for which I do hereby apply, and any renewal thereof. I understand that in obtaining a Motor Vehicle Report a consumer reporting agency may be used by the insurer and I do hereby authorize such use. I hereby certify that the named drivers under this policy (whose names are set forth herein) have authorized me to consent on their/his/her behalf for the insurer to obtain Motor Vehicle Report(s) for rating and/or underwriting.

Applicant's Signature _Sarah B Freeman_

## For Arkansas Residents

I hereby authorize Jefferson-Pilot Fire & Casualty Company and/or Southern Fire & Casualty Company and/or any of its agents to obtain from the Arkansas Office of Driver Services a copy of my Motor Vehicle Report for the use in rating and/or underwriting the insurance for which I do hereby apply, and any renewal thereof, I understand that in obtaining a Motor Vehicle Report a consumer reporting agency may be used by the insurer and I do hereby authorize such use.

Applicant's Signature _____

RECEIVED
JUL 18 1988
JEFFERSON-PILOT FIRE & CASUALTY CO.
SOUTHERN FIRE & CASUALTY CO.
JEFFERSON-PILOT PROPERTY INS. CO.

Exhibit A
288

DECIDED JUNE 25, 1996 —
RECONSIDERATION DENIED JULY 12, 1996 — 

*McLain & Merritt, William S. Sutton*, for appellant.
*B. Samuel Engram, Jr.*, for appellee.