S96G1790. SOUTHERN FIRE & CASUALTY COMPANY
v. FREEMAN.
(485 SE2d 738)

FLETCHER, Presiding Justice.

In 1989, Sarah Freeman applied for motor vehicle liability coverage from Southern Fire and Casualty Company and rejected optional personal injury protection coverage. After a collision, she sued Southern contending that the application did not meet the statutory requirements for offering optional coverage. The trial court granted her motion for summary judgment and the Court of Appeals affirmed.[1] We granted the writ of certiorari to determine whether her application satisfied the requirements of OCGA § 33-34-5 (b) concerning optional coverages. Because Freeman signed an application with boldface type that complied with the statute and this Court's decision in *Southern Guaranty Ins. Co. v. Goddard,*[2] we reverse.

OCGA § 33-34-5 (b), which was in effect from 1982 until its repeal in 1991, provided:

Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in boldface type signed by the applicant indicating that the optional coverages listed in

---

[1] *Southern Fire &c. Co. v. Freeman,* 222 Ga. App. 308 (474 SE2d 195) (1996).
[2] 259 Ga. 257 (379 SE2d 778) (1989).

subsection (a) of this Code section have been explained to the applicant.

Thus, the statute established three requirements: (1) the application must contain a statement that the optional coverage has been explained to the applicant; (2) the statement must be in boldface type; and (3) the applicant must sign the statement.[3] In *Goddard,* we defined "boldface" as "print which exhibits a face sufficiently heavy in appearance to cause it to be more conspicuous than the print which surrounds it."[4]

The application in this case meets the requirements of the statute and our decision in *Goddard.* Specifically, it contains the following statement: **"The Additional Optional Coverages Above Have Been Explained To Me."** This statement is in boldface type and is set off by itself, thus making it more conspicuous than the print above and below it. The applicant wrote her signature on the line immediately following the statement.

By signing this statement, Freeman confirmed in writing that she knew the insurance company offered optional no-fault coverage for an additional premium, the options had been explained to her, and she rejected the extra coverage. Since her insurance application satisfied the statutory requirements, she was not entitled to additional coverage. Therefore, we reverse the Court of Appeals' decision affirming the grant of summary judgment to Freeman.

*Judgment reversed. All the Justices concur, except Benham, C. J., Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

Because I believe that the Court of Appeals correctly affirmed the trial court's grant of summary judgment to Ms. Freeman, I respectfully dissent from the majority's reversal of the judgment of the Court of Appeals.

The relevant portion of Southern Fire and Casualty Company's application for insurance which was signed by Ms. Freeman appears as an exhibit at the end of the Court of Appeals' opinion. *Southern Fire &c. Co. v. Freeman,* 222 Ga. App. 308, 312 (474 SE2d 195) (1996). I agree with the majority that the application does contain the requisite statement regarding optional PIP coverage as required by OCGA § 33-34-5 (b) and that Ms. Freeman did sign that statement. I disagree with the majority's conclusion that the requisite statement was in boldface type as required by the statute. The statement that was

---

[3] Id. at 258.

[4] Id.; see also Webster's Third New International Dictionary, p. 248 (1961) (defining boldface as "a typeface with downstrokes or all strokes wide producing a relatively heavy impression").

signed by Ms. Freeman is in heavy type, and the application does also contain less heavy type. However, the applicable statute did not require "heavy" type, but boldface type. "The common sense definition of boldface is that print which exhibits a face sufficiently heavy in appearance to cau se it to be more conspicuous than the print which surrounds it." *Southern Guaranty Ins. Co. v. Goddard*, 259 Ga. 257, 258 (379 SE2d 778) (1989).

A review of the policy application shows that, contrary to the conclusion reached by the majority, the requisite statement is not "set off by itself." Although it is on a separate line, neither that separate line nor the statement's heavy type justifies the majority's conclusory assertion that the statement "is in boldface type." To determine whether the requisite statement is in "boldface" type, as opposed to just heavy type, *Goddard*, supra, requires that we examine the print surrounding the statement. Much of that surrounding print is in heavy type. Immediately below the statement is a definition in heavy type. Immediately above the statement are boxes to be checked signifying acceptance or rejection of various optional coverages. Those boxes are conspicuous due to their columnar format, and each of the four columns are headed by the word "Reject" or "Accept" in heavy type. Above these headings is a mixture of heavy and less heavy type. Although the first letter in each word in the statement is capitalized, the same is true with regard to some of the surrounding heavy print. More importantly, all of the heavy type found in surrounding print is at least as heavy as the type in the requisite statement. *Henry v. Gulf Ins. Co.*, 214 Ga. App. 516 (448 SE2d 230) (1994). See also *Safeco Ins. Cos. of America v. Harris*, 214 Ga. App. 207 (447 SE2d 128) (1994) (the requisite statement was conspicuous only because of its color and not because of its heavy appearance). Under these circumstances, we must conclude that the requisite statement is not "different enough to be conspicuous[.]" *Windsor Ins. Co. v. Jeffery*, 204 Ga. App. 557, 558 (1) (420 SE2d 15) (1992). Therefore, in my opinion the policy application does not satisfy the requirements of the then applicable statute as construed by this Court in *Goddard*. Accordingly, the trial court correctly granted summary judgment in favor of Ms. Freeman, the Court of Appeals correctly affirmed that judgment, and I dissent from the majority's reversal of the judgment of the Court of Appeals.

I am authorized to state that Chief Justice Benham and Justice Thompson join in this dissent.

DECIDED MAY 5, 1997 —
RECONSIDERATION DENIED MAY 30, 1997.

*McClain & Merritt, William S. Sutton, Michael L. Miller,* for appellant.

*B. Samuel Engram, Jr.,* for appellee.

*Hawkins & Parnell, Michael J. Goldman, Stephen M. Brooks, Long, Weinberg, Ansley & Wheeler, Arnold E. Gardner, Kari A. Mercer,* amici curiae.